TROY LAW, PLLC
John Troy (JT 0481)
41-25 Kissena Boulevard Suite 119
Flushing, NY 11355
Tel: (718) 762-1324
*Attorney for the Plaintiff, proposed FLSA Collective and
potential Rule 23 Class*

Case No. **18-cv-04614**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
WING KAM LI,
*on his own behalf and on behalf of others similarly
situated*

Plaintiff,
v.

KINGLY COACH, INC. d/b/a Kingly Coach; and
BWJ GROUP INC.;
SUNG AE KIM,
ANDY MENG, and
DAE KUN YI

Defendants.
-------------------------------------------------------X

**29 U.S.C. § 216(b)**
**COLLECTIVE ACTION &**
**FED. R. CIV. P. 23 CLASS**
**ACTION**

**COMPLAINT**

Plaintiff WING KAM LI (hereinafter referred to as Plaintiff), on behalf of himself and

others similarly situated, by and through his attorney, Troy Law, PLLC, hereby brings this

complaint against Defendants KINGLY COACH, INC. d/b/a Kingly Coach; and BWJ Group

Inc; SUNG AE KIM, ANDY MENG, and DAE KUN YI, and alleges as follows:

<strong><u>INTRODUCTION</u></strong>

1.      This action is brought by the Plaintiff WING KAM LI, on behalf of himself as

well as other employees similarly situated, against the Defendants for alleged violations of the

Fair Labor Standards Act, (FLSA) 29 U.S.C. § 201 *et seq.* and New York Labor Law

(NYLL), arising from Defendants' various willfully and unlawful employment policies,

patterns and practices.

2.      Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in pattern and practice of failing to pay its employees, including Plaintiff, minimum wage for each hour worked.

3.      Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid minimum wage, (2) liquidated damages, (3) prejudgment and post-judgement interest; and or (4) attorney's fees and cost.

4.      Plaintiff further alleges pursuant to NYLL § 650 et seq. and 12 New York Codes, Rules and Regulations § 146 (NYCRR) that he is entitled to recover from the Defendants: (1) unpaid minimum wage compensation, (2) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, (3) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that accurately and truthfully lists employee's hours along with the employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day, (4) liquidated damages equal to the sum of unpaid minimum wage in the amount of twenty five percent under NYLL § 190 et seq., § 650 et seq., and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, (5) 9% simple prejudgment interest provided by NYLL, (6) post-judgment interest, and (7) attorney's fees and costs.

## **JURISDICTION AND VENUE**

5.      This Court has original federal question jurisdiction over this controversy under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, and has supplemental jurisdiction over the NYLL claims pursuant to 28 U.S.C. § 1367(a).

6.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

7.      From on or about August 01, 2013 to August 09, 2017, Plaintiff WING KAM LI was employed by Defendants to work as a bus driver for Corporate Defendants.

## DEFENDANTS

### *Corporate Defendants*

8.      Defendant KINGLY COACH, INC. d/b/a Kingly Coach is a domestic business corporation organized under the laws of the State of New York with a principal address at 135-27 40th Road, Suite 301, Flushing, NY 11354.

9.      KINGLY COACH, INC. d/b/a Kingly Coach is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

10.     KINGLY COACH, INC. d/b/a Kingly Coach purchased and handled goods moved in interstate commerce.

11.     Defendant BWJ Group Inc is a domestic business corporation organized under the laws of the State of New York with a principal address at 134-21 Northern Blvd, Suite 207, Flushing, NY 11354.

12.     BWJ Group Inc is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

13.     BWJ Group Inc purchased and handled goods moved in interstate commerce.

*Owner/Operator Defendants*

14.     The Individual Defendants are officers, directors, managers and/or majority shareholders or owners of the Corporate Defendants and being among the ten largest shareholders and/or LLC members, are individually responsible for unpaid wages under the New York Business Corporation Law and Limited Liability Company Law. NYBSC § 630(a), NYLLC § 609(c).

15.     SUNG AE KIM and CEO of KINGLY COACH, INC. d/b/a Kingly Coach, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at KINGLY COACH, INC. d/b/a Kingly Coach and BWJ GROUP INC..

16.     SUNG AE KIM acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, , NYLL § 2 and the regulations thereunder, and is jointly and severally liable with KINGLY COACH, INC. d/b/a Kingly Coach and BWJ GROUP INC..

17.     ANDY MENG and Corporate Officer of KINGLY COACH, INC. d/b/a Kingly Coach, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at KINGLY COACH, INC. d/b/a Kingly Coach and BWJ GROUP INC..

18.     ANDY MENG frequents the offices of Kingly Coach and is responsible to help on-demand in every department.

19.     ANDY MENG acted intentionally and maliciously and is an employer

pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, , NYLL § 2 and the regulations thereunder, and is jointly and severally liable with KINGLY COACH, INC. d/b/a Kingly Coach and BWJ GROUP INC..

20.     DAE KUN YI and Corporate Officer of KINGLY COACH, INC. d/b/a Kingly Coach, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at KINGLY COACH, INC. d/b/a Kingly Coach and BWJ GROUP INC..

21.     DAE KUN YI acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, , NYLL § 2 and the regulations thereunder, and is jointly and severally liable with KINGLY COACH, INC. d/b/a Kingly Coach and BWJ GROUP INC..

## STATEMENT OF FACTS

### Defendants Constitute an Enterprise

22.     Upon information and belief, Corporate Defendants KINGLY COACH, INC. d/b/a Kingly Coach; and BWJ GROUP INC are joint employers of Plaintiff and constitute an enterprise as the term is defined by 29 USC §203(r) insofar as they are essentially the same entity, insofar as they share staff, including Plaintiff, pay Plaintiff as the shareholders of the enterprise, and are mutually indistinguishable from each other and are engaged in the same activities performed through unified operation and/or common control for a common business purpose, and are co-owned by the same partners.

23.     For instance, while employed by Kingly Coach, Plaintiff was given schedules from BWJ GROUP INC.

24.     At all times relevant herein, KINGLY COACH, INC. d/b/a Kingly Coach; and BWJ GROUP INC was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

25.     At all relevant times, the work performed by Plaintiff was directly essential to the business operated by KINGLY COACH, INC. d/b/a Kingly Coach; and BWJ GROUP INC.

## Wage and Hour Claims

26.     Defendants committed the following alleged acts knowingly, intentionally and willfully against the Plaintiff, the FLSA Collective Plaintiffs, and the Class.

27.     Pursuant to NYCRR Part 146-2.2 and 29 USC § 203(m), an employer cannot take credit towards the basic minimum wage if a service employee or food service worker has not received notification of the tip credit.

28.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and similarly situated employees at least the New York minimum wage for each hour worked.

29.     Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

30.     Upon information and belief, Defendants failed to keep full and accurate records in order to mitigate liability for their wage violations. Defendants never furnished any notice of their use of tip credit.

31.     At all relevant times, Defendants knowingly and willfully failed to provide Plaintiff and similarly situated employees with Time of Hire Notice reflecting true rates of pay and payday as well as paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from

employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day.

32.    Defendants did not post the required New York State Department of Labor posters regarding minimum wage pay rates, overtime pay, tip credit, and pay day.

### Plaintiff WING KAM LI

33.    From on or about August 01, 2013 to August 09, 2017, Plaintiff WING KAM LI was employed by Defendants to work as a bus driver for Corporate Defendants.

34.    In his job, Plaintiff WING KAM LI was responsible to drive customers to the Resorts World Casino at 110-00 Rockaway Blvd, Jamaica, NY 11420.

35.    During the stay at the Resorts World Casino, Plaintiff WING KAM LI was on-call, and could not leave the bus.

36.    Instead, Plaintiff WING KAM LI was responsible to be on-call should there be any customers who require his assistance on the bus.

37.    From on or about August 01, 2013 to November 15, 2013, Plaintiff WING KAM LI's regular work schedule ran from 17:00 to 31:00 (07:00 the next day) for fourteen (14) hours a day plus 16:30 to 25:30 (01:30 the next day) for nine (9) hours for four (4) days a week and thirty six (36) hours a week.

38.    As a result, from on or about August 01, 2013 to November 15, 2013 Plaintiff WING KAM LI worked for fifty nine (59) hours per week.

39.    From on or about November 16, 2013 to July 15, 2016, Plaintiff WING KAM LI's regular work schedule ran from 16:30 to 25:30 (01:30 the next day) for nine (9) hours for six (6) days and fifty four (54) hours a week.

40.    From on or about July 16, 2016 to August 09, 2017, Plaintiff WING KAM LI

worked for Defendants with an unfixed schedule which varied widely.

41. However, in total, Plaintiff's total number of hours worked every other week exceeded eighty (80) hours.

42. At all relevant times, Plaintiff WING KAM LI did not have a fixed time for lunch or for dinner.

43. From on or about August 01, 2013 to July 15, 2016, Plaintiff WING KAM LI was paid a flat compensation at a rate of seven hundred twenty dollars ($720.00) per every two (2) weeks.

44. Plaintiff was not paid at least the minimum wage for each hour worked.

45. During much of the day, Plaintiff was on call, and had to serve the custoemr on demand upon arrival at the

46. At all relevant times, Plaintiff WING KAM LI was not paid overtime pay for each overtime hour work.

47. At all relevant times, Plaintiff WING KAM LI was never informed of his hourly pay rate or any tip deductions toward the minimum wage.

48. At all relevant times, Plaintiff WING KAM LI's non-tipped work exceeds two (2) hours or twenty percent (20%) of Plaintiff's workday.

49. Throughout his employment, Plaintiff WING KAM LI was not given a statement with his weekly payment reflecting employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day in Chinese, Plaintiff's native language.

50. Throughout his employment, Plaintiff WING KAM LI was not compensated at

least at one-and-one-half his promised hourly wage for all hours worked above forty (40) in each workweek.

## COLLECTIVE ACTION ALLEGATIONS

51.     Plaintiff brings this action individually and as class representative individually and on behalf of all other and former non-exempt employees, including bus drivers and tour guides, who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom were not compensated at their promised hourly rate for all hours worked and at one and one half times their promised work for all hours worked in excess of forty (40) hours per week (the "Collective Action Members").

## CLASS ACTION ALLEGATIONS

52.     Plaintiff brings his NYLL claims pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

53.     All said persons, including Plaintiff, are referred to herein as the "Class."

54.     The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said Fed. R. Civ. P. 23.

*Numerosity*

55.     The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

*Commonality*

56.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a.      Whether Defendant employed Plaintiff and the Class within the meaning of the New York law;

b.      Whether Plaintiff and Class members are paid for each hour worked;

c.      Whether Defendants maintained a policy, pattern and/or practice of failing to pay Plaintiff and the Rule 23 Class spread-of-hours pay as required by the NYLL;

d.      Whether Defendants maintained a policy, pattern and/or practice of failing to provide requisite statutory meal periods;

e.      Whether Defendants provided a Time of Hire Notice detailing rates of pay and payday at the start of Plaintiff and the Rule 23 Class's start of employment and/or timely thereafter;

f.      Whether Defendants provided paystubs detailing the rates of pay and credits taken towards the minimum wage to Plaintiff and the Rule 23 class on each payday; and

g.      At what common rate, or rates subject to common method of calculation was and is Defendants required to pay the Class members for their work.

*Typicality*

57.     Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

*Adequacy*

58.     Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in representing Plaintiffs in both class action and wage-and-hour employment litigation cases.

*Superiority*

59.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible

for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

60.     Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## STATEMENT OF CLAIMS

### COUNT I.
**[Violations of the Fair Labor Standards Act—Failure to Pay Minimum Wage/ Unpaid Wages
Brought on behalf of the Plaintiff  and the FLSA Collective]**

61.     Plaintiff  re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

62.     At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff  in full, and the similarly situated collective action members, for some or all of the hours they worked.

63.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 206 shall be liable to the employees affected in the amount of their unpaid wage, and in an additional equal amount as liquidated damages.

64.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff  and Collective Class Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT II.
**[Violation of New York Labor Law—Failure to Pay Minimum Wage/ Unpaid Wages Brought on behalf of Plaintiff and Rule 23 Class]**

65.     Plaintiff  re-alleges and incorporates  by reference all preceding paragraphs as though fully set forth herein.

66.     At all relevant times, Plaintiff  is  employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

67.     At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff, and the collective action members, in full for some or all of the hours they worked.

68.     Defendants knowingly and willfully violated Plaintiff's and similarly situated Class Members' rights by failing to pay him minimum wages in the lawful amount for hours worked.

69.     An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty five percent (25%) of the shortfall under NYLL §§ 190 *et seq.*, §§ 650 *et seq.*, and one hundred percent (100%)

after April 9, 2011 under NY Wage Theft Prevention Act, and interest.

## COUNT III.
**[Violation of New York Labor Law—Spread of Time Pay**
**Brought on behalf of Plaintiff and Rule 23 Class]**

70.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

71.     The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten hours pursuant to NYLL §§ 190, *et seq.*, and §§ 650, *et seq.*, and New York State Department of Labor regulations § 146-1.6.

72.     Defendants' failure to pay Plaintiff spread-of-hours pay was not in good faith.

## COUNT IV.
**[Violation of New York Labor Law—Failure to Provide Meal Periods**
**Brought on behalf of Plaintiff and the Rule 23 Class]**

73.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

74.     The NYLL requires that employees provide: a noon day meal period of at least thirty (30) minutes for employees who work a shift of more than six hours extending over the noon day meal period from 11 a.m. to 2 p.m.; an additional meal period between 5 p.m. and 7 p.m. of at least twenty (20) minutes for employees whose shift started before 11 a.m. and continues later than 7 p.m.; and/or a forty-five (45) minute meal period at a time midway between the beginning and end of the shift for employees whose shift lasts more than six hours and starts between 1 p m. and 6 a.m. NYLL § 162.

75.     Defendants failed to provide meal periods required by NYLL § 162 for every day that Plaintiff worked.

76.     Though the Department of Labor commissioner may permit a shorter time to be fixed for meal periods than hereinbefore provided, such permit must be in writing and be

kept conspicuously posted in the main entrance of the establishment. No such permit is posted.

77.    Defendants' failure to provide the meal periods required by NYLL § 162 was not in good faith.

## COUNT V.
### [Violation of New York Labor Law—Failure to Keep Records
### Brought on behalf of Plaintiff and Rule 23 Class]

78.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

79.    Defendants did not maintain, establish and preserve Plaintiff's weekly payroll records for a period of not less than six years, as required by NYCRR § 146-2.1.

80.    As a result of Defendants' unlawful conduct, Plaintiff has sustained damages including loss of earning, in an amount to be established at trial, liquidated damages, prejudgment interest, costs and attorneys' fee, pursuant to the state law.

81.    Upon information and belief, Defendants failed to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiff in order to facilitate their exploitation of Plaintiff's labor.

82.    Defendants' failure to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiff were not in good faith.

## COUNT VI.
### [Violation of New York Labor Law—Failure to Provide Time of Hire Wage Notice
### Brought on behalf of Plaintiff and Rule 23 Class]

83.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

84.    The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day,

week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.  NYLL §195-1(a).

85.     Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on his or her first day of employment.

86.     Defendants not only did not provide notice to each employee at Time of Hire, but failed to provide notice to Plaintiff even after the fact.

87.     Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

## COUNT VII.
### [Violation of New York Labor Law—Failure to Provide Wage Statements Brought on behalf of Plaintiff and Rule 23 Class]

88.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

89.     The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL § 195-1(d).

90.     Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the paystub on or after each Plaintiffs' payday.

91.     Due to Defendants' violations of New York Labor Law, Plaintiff  is  entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-d).

### COUNT VIII.
**[Breach of Implied Contract for Reimbursement of all Costs and Expenses of Electric Delivery Vehicle, including Depreciation, Insurance, Maintenance and Repairs Brought on behalf of the Plaintiff and the Class]**

92.     Plaintiff  re-alleges and incorporates  by reference all preceding paragraphs as though fully set forth herein.

93.     Throughout the relevant period, Defendants required their deliverymen to bear all of the "out-of-pocket" costs associated with their vehicles, including the purchase, maintenance, repair, maintenance of the delivery vehicles, including bicycles and electric bicycles.

94.     Based on his personal experience and available information, Plaintiff  can document actual "out-of-pocket" vehicle related expenses of his electricity delivery bicycle.

95.     The conduct of Defendants, and the course of Defendant's conduct between the parties, evidenced an intent for Plaintiff  to maintain the delivery vehicle in working condition.

96.     Plaintiff  purchased, maintained and repaired the electric bicycle at his own expense.

97.     Plaintiff  performed these deliveries for the sole benefit of the Defendants.

98.     Defendants  neither  explicitly  nor  implicitly  requested  Plaintiff  to  cease  the purchase of gasoline and/or the maintenance of the vehicle.

99.     As a result of the afore-alleged conduct of the parties, an implied contract arose

between them the terms of which are that Plaintiff  would incur the expenses for bicycle purchase and vehicle maintenance, in exchange for compensation from Defendants for such expenses.

100.    Defendants never compensated Plaintiff  for any expenses incurred from the purchase and maintenance of the electric bicycles, and the purchase of batteries. As a result, Defendants breached the implied contract by failing and refusing to pay Plaintiff a reasonable sum under the afore-alleged facts.

101.    Defendants owe Plaintiff  his overdue costs of delivery vehicles, cost of batter change, if applicable, and maintenance of the bicycle.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself, and on the behalf of the FLSA Collective Plaintiffs and Rule 23 Class, respectfully requests that this Court enter a judgment providing the following relief:

a)    Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of his right to join this lawsuit if they believe they were denied minimum wage compensation

b)    ;

c)    Certification of this case as a collective action pursuant to FLSA;

d)    Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and their counsel to represent the Collective Action Members;

e)    A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

f)    An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

g)    An award of unpaid minimum wage due under FLSA and New York Labor Law due Plaintiff and the Collective Action members plus compensatory and liquidated damages in the amount of twenty five percent (25%) prior to April 9, 2011 and one hundred percent (100%) thereafter under NY Wage Theft Prevention Act;

h)    An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages at least the hourly minimum wage pursuant to 29 U.S.C. §216;

i)    Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday;

j)    Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's

wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day;

k)    An award of liquidated and/or punitive damages as a result of Defendants' willful failure to minimum wage compensation pursuant to New York Labor Law;

l)    An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

m)    An award of lost wages and liquidated damages equal to lost wages as a result of Plaintiffs' unlawful termination, compensatory damages, 9% simple prejudgment interest provided by NYLL, post-judgment interest, and attorney fees and costs;

n)    The cost and disbursements of this action;

o)    An award of prejudgment and post-judgment fees;

p)    Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

q)    Such other and further legal and equitable relief as this Court deems necessary, just, and proper.


Dated: Flushing, New York
August 15, 2018

TROY LAW, PLLC
*Attorneys for the Plaintiff, proposed FLSA*
*Collective and potential Rule 23 Class*


/s/ John Troy
John Troy (JT0481)